ROSE KRAMER AND SAMUEL KRAMER, HER HUSBAND, PLAINTIFFS, DEFENDANTS IN ERROR, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, DEFENDANT, PLAINTIFF IN ERROR.

Argued June 2, 1909—Decided October 25, 1909.

Where the evidence is conflicting upon the question whether the plaintiff exercised care and due diligence in leaving the defendant's car at a railway station, the train having started before she left the car, in consequence of which she was thrown and injured, a nonsuit urged upon the ground that she had not exercised such diligence was properly refused.

On writ of error to Morris Circuit.

Before Justices REED, BERGEN and VOORHEES.

For the plaintiffs, *Willard W. Cutler.*

For the defendant, *Max M. Stallman.*

The opinion of the court was delivered by

BERGEN, J. This is an action by a husband and wife for damages received by the wife while attempting to dismount from defendant's car at its station in Summit. The wife recovered a verdict for $500, and the husband one for $300, and the judgment entered upon these verdicts is the subject of this writ of error.

The first point raised is that the trial court improperly refused the defendant's motion for a nonsuit. At the close of the plaintiffs' case it appeared that she was a passenger on the train of the defendant; that just before reaching Summit, one of the defendant's agents notified the passengers that the train was approaching Summit, which was her destination; that she had some bundles and gathered them together, walked to the forward platform of the car she was in, and by the time she had reached the first step of the car the train started with a jerk which threw her off, causing the injuries complained of. She testified that when the train stopped she had her bundles in her hand, "and when they hollered out Summit, I went to get out from the train." The plaintiff also produced a witness, a Mrs. Bowers, who testified that she was in the forward part of the train; that her husband and another person got off first; that she followed them and had walked about the length of a car and a half when she looked back and saw plaintiff in a heap on the station platform. From this defendant argues that the plaintiff did not leave the car as promptly as the law requires, and, consequently, she was guilty of contributory negligence. If we credit the story of the plaintiff, she acted with sufficient promptness to raise a jury question. Whether the train stopped long enough to have allowed the

plaintiff, if she exercised due care and diligence, to dismount, was for the jury to determine. I see no error in the refusal to nonsuit.

The second point raised is that there should have been a direction for the defendant upon the ground that the weight of evidence was with the defendant. We do not weigh evidence upon a writ of error. The point at issue was whether the train had stood long enough to allow the plaintiff, by the exercise of due care and diligence, to alight without injury. The evidence on this point was contradictory and raised a jury question.

The remaining error alleged is the refusal of the court to charge, as requested by the defendant—*first*, that the plaintiff could not recover for trouble or expenses resulting from inflammation of the womb, because there was no proof that it was due to the accident. On this point the court charged that the plaintiff could not recover for such trouble if it was chronic, and that the recovery must be limited to such pain and suffering or aggravation of the trouble as had been caused by the wrongful act of the defendant, if there was any wrongful act. This I consider sufficiently favorable to the defendant, for there was evidence that the trouble complained of had been aggravated by the accident; *second*, that defendant was not bound to stop the train more than a reasonable time for a delinquent passenger to leave the train, and that if the accident was due to lack of proper diligence on the part of the plaintiff, she could not recover. On this point the court had charged the jury that if the wife "jumped off the train while it was in motion she cannot recover. If she waited too long in the car and then went out on the platform after the train had waited a reasonable time at the station, and was thrown, she cannot recover." This, I think, covered what was requested.

No error appearing in the record, the judgment is affirmed, with costs.